NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

TINA FAGAN and MICHAEL FAGAN,

Plaintiffs,

v.

K. SCOTT FISCHER *et al.*,

Defendants.

Civ. No. 14-7013

OPINION

THOMPSON, U.S.D.J.

## INTRODUCTION

This matter comes before the Court upon Defendants' Motion for Judgment on the Pleadings, filed on September 17, 2021. (Mot. J. Pleadings, ECF No. 168.) The Court has decided the Motion based on the written submissions of the parties and oral argument conducted on November 2, 2021. For the reasons stated herein, the Motion is granted in part and denied in part.

## BACKGROUND

The following facts are taken from the pleadings and accepted as true for the purposes of deciding this Motion. This case arises from a failed business relationship between Plaintiffs Tina Fagan and Michael Fagan[1] (collectively "Plaintiffs") and Defendant Kevin Scott Fischer ("Scott Fischer" or "Fischer").

In 2006, Fischer offered Plaintiffs an opportunity to invest in a real estate development project in North Carolina known as the Derbyshire Project. (Am. Compl. ¶ 39, ECF No. 51.)

---

[1] Plaintiff Michael Fagan was dismissed as a plaintiff at summary judgment due to lack of standing. (Summ. J. Op. at 58, ECF 127).

1

Defendant Fischer allegedly told Plaintiffs that Defendant Byana LLC ("Byana"), owned the land related to the Derbyshire Project "debt-free" and "clear of any encumbrances." (*Id*. ¶¶ 47–49.) Defendant Fischer and his "guy on the ground," Defendant Brian E. Carroll, represented the Derbyshire Project investment as low risk. (*Id*. ¶¶ 47–59.)

Plaintiffs invested $1,000,000 in Byana in exchange for a ten percent interest in the company. (*Id*. ¶ 60.) Next, Plaintiffs made debt investment loans totaling $500,000 to Byana. (*Id*. ¶¶ 63–66.) Signed promissory notes, (the "Byana Notes"), required Defendant Byana to pay the full principal amount by no later than July 2009, and to make monthly twelve percent interest payments from July 2007 to July 2009. (*Id*.) Finally, Plaintiffs also made three loans of $250,000 each to Defendant Fischer Investment Capital ("FIC") between April and July of 2007. (*Id*. ¶¶ 70–79.) The three FIC promissory notes (the "FIC Notes") required repayment of the $750,000 between September and December 2008. (*Id*.)

Defendants FIC and Byana failed to repay their obligations on time. (*Id*. ¶ 80.) Plaintiff Tina Fagan agreed to loan modification terms for the FIC notes ("the FIC Loan Modification") that revised the FIC pay-off dates to sometime in 2010. (*Id*. ¶ 81.) Similarly, Plaintiffs negotiated a modification of the Byana Notes to require repayment in 2010. (*Id*. ¶ 82.) In late 2010, Fischer told Plaintiffs that Byana was no longer able to make the monthly interest payments related to the Byana Notes. (*Id*. at 86.) Plaintiffs "agreed to forgo receiving further monthly interest payments required under the [Byana Notes]." (Id. ¶ 89.) In 2011, Plaintiffs agreed to consolidate the three FIC Notes and set a deadline for payment of January 1, 2013. (*Id*. ¶ 96.) FIC also failed to repay the loan on that date. (*Id*. ¶ 97.)

Plaintiffs brought this suit in 2014. (*See* Compl., ECF No. 1). Among numerous other causes of action, Plaintiffs brought "Breach of Contract" claims against Defendants Scott

Fischer, Byana, and FIC regarding the Byana and FIC Promissory Notes and related documents. (Am. Compl. ¶¶ 238–246). Plaintiffs also brought various fraud claims against all Defendants—including Scott Fischer and Brian E. Carroll. (*Id*. ¶¶ 238–246).

Defendants moved for summary judgment in 2019. (Defs.' Mot. Summ. J., ECF No. 120-1.) Chief Judge Wolfson issued a summary judgment opinion in October 2019. (Summ. J. Op., ECF No. 127.) Chief Judge Wolfson granted summary judgment in favor of Defendants on Counts I (Federal RICO), II (Conspiracy to violate RICO), III (New Jersey RICO), IV (Violation of Section 10(b) of the Exchange Act and Securities Rule 10b-5), V (the New Jersey Uniform Securities Act), VIII (Equitable Fraud), IX (Conversion), X (Unjust Enrichment), and XIV (Breach of Fiduciary Duty). (*Id*. at 58.)

The Chief Judge denied summary judgment as to Defendants Fischer, Carroll, Private Capital, FIC, and Byana on Count VI (Common Law Fraud / Fraud in the Inducement) and Count VII (Aiding and Abetting Common Law Fraud) (*Id.*). Scott Fischer's Motion for Summary Judgment on Count XI (Breach of Contract) was denied, but the claim was limited to Fischer's personal liability on the FIC Note because "Fischer appears to have personally guaranteed the FIC Loan Modification agreement." (*Id*. at 56.) Defendants Byana and FIC did not move for summary judgment on the breach of contract claim. (*Id.*)

The case was reassigned from Chief Judge Wolfson to this Court on February 26, 2020. The parties then filed a joint pre-trial order on March 6, 2020. (*See* Final Pretrial Order, ECF No. 133.) Trial was originally scheduled for December 18, 2020. Due to the pandemic, trial was postponed until October 25, 2021. The Parties filed motions *in limine* on April 12, 2021. (ECF Nos. 142, 143, 144.) Defendants brought this Motion for Judgment on the Pleadings on September 17, 2021. Trial is now scheduled for January 10, 2022.

## LEGAL STANDARD

**I.     Motion for Judgment on the Pleadings**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment will not be granted unless the movant 'clearly establishes there are no material issues of fact, and [the movant] is entitled to judgment as a matter of law.'" *Bedoya v. Am. Eagle Express Inc.*, 914 F.3d 812, 816 n.2 (3d Cir. 2019) (citing *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir. 2005)). "In deciding a Rule 12(c) motion, [the Court] does not consider matters outside of the pleadings." *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 257 (3d Cir. 2004); *see also Bedoya*, 914 F.3d at 816 n.2. "In considering a motion for judgment on the pleadings, [the Court] must accept as true all facts presented in the complaint and answer and draw all reasonable inferences in favor of the non-moving party . . . ." *Bedoya*, 914 F.3d at 816 n.2 (citation omitted).

## DISCUSSION

**I.     Plaintiff's Breach of Contract Claim Against Scott Fischer**

Defendants argue that "as a matter of law," the Court must dismiss any claim that Scott Fischer personally guaranteed the FIC Loan Modification ("the Fischer Breach of Contract Claim") (Mot. J. Pleadings at 3.) The history of the Fischer Breach of Contract Claim is complex. Thus, additional procedural background is necessary to the Court's analysis.

   A.     *Procedural Background*

Plaintiffs brought breach of contract claims against Defendants Scott Fischer, Byana, and FIC regarding the Byana and FIC Notes and related documents. (Am. Compl. ¶ 238–246.) Specifically, Plaintiffs pled that "Plaintiffs and Defendants entered into valid contracts in the form of promissory notes and other contractual agreements for purposes of the [Byana Notes]

4

and [the FIC Notes] totaling $1,250,000.00." (*Id*. ¶ 239.) Plaintiffs further pled that Byana and FIC breached those agreements. (*Id*. ¶¶ 241–242.) Finally, Plaintiffs pled that "Defendant Scott Fischer, as the alter ego of Defendants Byana and Fischer Investment Capital, materially breached the promissory notes and related contractual agreements in connection with the Byana Investment Debt Loan and Fischer Capital Loan totaling $1,250,000.00 causing Plaintiffs to suffer damages." (*Id*. ¶ 246.)

Defendant Fischer brought a motion for summary judgment on this claim in 2019. (*See* Defs.' Mot. Summ. J. at 50–52.) In Defendants' Statement of Undisputed Material Facts ("Defs.' SUMF"), Defendants stated "107. Neither Scott Fischer nor anyone else ever personally guaranteed the FIC or Byana promissory notes." (Defs.' SUMF ¶ 107, ECF No. 120-2.) To support this statement, Defendants cited to a deposition of Michael Fagan from December 8, 2018. (*Id*.) In response, Plaintiffs' SUMF states "107. Undisputed." (Pls.' SUMF ¶ 107, ECF No. 122-1.)[2] In Defendants' Motion for Summary Judgment, Defendants argued: "The undisputed facts establish that Scott did not sign the note in his individual capacity; the Fischer Notes were issued by Fischer Investment Capital, Inc. Scott signed the Fischer Notes in his capacity as president of Fischer Investment Capital, Inc. Thus, as a matter of law, Scott has no personal liability pursuant to the Fischer Notes." (Defs.' Mot. Summ. J. at 52)

Chief Judge Wolfson, however, disagreed. In her summary judgment opinion, filed October 30, 2019, she held that "there is a genuine dispute of material fact as to whether Scott Fischer is personally liable on the FIC Promissory Notes." (Summ. J. Op. at 51). While the Court

---

[2] As noted below, Plaintiffs now contest the substance of what exactly was "undisputed" in the Statement of Uncontested Material Facts. (*See* Pls.' Opp'n at 13, ECF 172.) In short, Plaintiffs' explanation is that they admitted only that Fischer did not guarantee the original FIC Note. (*Id*.) Plaintiffs maintain that this admission did not concede anything regarding the FIC Loan Modification. (*Id*.)

declined to pierce the corporate veil under an alter ego theory of liability, the Chief Judge noted that the FIC Loan Modification Agreements list "Kevin S. Fischer" as "Guarantor." (*See* Summ. J. Op. at 51.) Indeed, Fischer signed the FIC Loan Modification Agreements twice—once as "Kevin Scott Fischer, President" and a second time under "Guarantor" as "Kevin S. Fischer" with no formal title. (Fischer Cert. Exs. BB, CC, ECF 120-5.) Thus, the Court wrote that "Plaintiff's breach of contract claim as to the FIC promissory notes may proceed, as Scott Fischer appears to have personally guaranteed the FIC Loan Modification Agreement." (Summ. J. Op. at 56.)

The Final Pretrial Order, filed on March 6, 2020, is replete with references to the Fischer Breach of Contract Claim. (*See* Final Pretrial Order at 5, 7, 11, 13, 20.)  For example, Plaintiff Fagan intended to prove that she made "a $750,000.00 loan to Defendant [FIC]" and that "[t]he FIC loan was personally guaranteed by Mr. Fischer." (*Id.* at 5.) Defendants noted an anticipated "[m]otion *in limine* to limit the scope of the case to the remaining common law fraud claims and breach of contract claim as it pertains to whether Scott Fischer personally guaranteed the Fischer Investment Capital, Inc. notes." (*Id*. at 3.) Under "DEFENDANTS' LEGAL ISSUES," Defendants made the following reservation: "Whether as a matter of law, K. Scott Fischer guaranteed the Fischer Investment Capital, Inc. notes or if the same was solely guaranteed by Funder, LLC with K. Scott Fischer signing as manager of Funder, LLC." (*Id*. at 21–22.)

    B.    *Analysis*

In this Motion, Defendants argue that the breach of contract claim against Scott Fischer as personal guarantor of the FIC Loan Modification should be dismissed "as a matter of law." (Mot. J. Pleadings at 3.) Defendants' arguments can be grouped into two general categories: (1) Plaintiffs never pled the breach of guaranty theory; and (2) even if the Court finds Plaintiffs did

plead this claim, the claim is contrary to the admission in Plaintiffs' SUMF at summary judgment and should be estopped.

### 1. Sufficiency of the Pleadings

Defendant argues that Plaintiff did not plead any facts regarding the personal guaranty in the Complaint and should not be able to rely on the Summary Judgment Opinion or Final Pretrial Order to create such a claim. (*See* Mot. J. Pleadings at 8–14; Defs.' Reply at 7–8, ECF 173.)

Plaintiff responds that she is not adding a distinct and unrelated claim. (Pls.' Opp'n at 11.)  Rather, Plaintiff is "simply extending the fully pled breach of contract claim against Defendant Scott Fischer to include a personal guarantee theory of liability that is controlled by the four corners of the subject Loan Modification Agreement." (*Id*.) Plaintiff argues that the Final Pretrial Order simply fleshed out this theory of the pre-existing Fischer Breach of Contract Claim. (*Id*.). And that Pretrial Order, agreed upon in March of 2020, superseded and amended any prior pleadings.[3] (*Id*.)

The Court is reluctant about having to make this call. It is a close and complex ruling. The litigation of this claim on both sides has not been a model of clarity. First, Defendants' reservation in the Pretrial Order does not appear to cover this challenge. Rather, Defendants reserved the question of "[w]hether as a matter of law, K. Scott Fischer guaranteed the Fischer Investment Capital, Inc. notes or if the same was solely guaranteed by Funder, LLC with K. Scott Fischer signing as manager of Funder, LLC." (Final Pretrial Order at 21–22.)  That reservation appears to preserve Defendants' argument regarding estoppel. But the objection does not preserve the question of whether the claim was adequately pled in the first place.

---

[3] Plaintiff suggests that Defendants' motion should have been filed as a Motion to Amend the Final Pretrial Order and should be analyzed under a "manifest injustice" standard. (Pls.' Opp'n at 1.) The Court declines to do so. Because the parties debate what documents constitute the pleadings in this case, the Court takes notice of all documents filed on the record.

In other words, Defendants reserved the right to argue, as a matter of law, that Fischer's signature on the FIC Loan Modification indicated a guarantee in Fischer's professional role at Funder, LLC. However, in accordance with the rest of the Final Pretrial Order, Defendants' reservation accepts the premise that the Fischer Breach of Contract Claim was still part of the case. Thus, Defendants should not be able to object on this new ground nearly two years after the parties finalized the Final Pretrial Order. *See In re AT & T Sec. Litig.*, 2004 WL 6392120, at *5 (D.N.J. Apr.7, 2004) ("Should a new claim or defense appear for the first time in the pretrial order, it is incumbent upon opposing counsel to meticulously examine the order, taking exception, if necessary, to the additions, and recording their objection in the pretrial order.") (quoting *Wilson v. Muckala*, 303 F.3d 1207, 1216 (10th Cir.2002)); *Wilson*, 303 F.3d at 1215 (finding issues omitted from the pretrial order are waived).

Second, even if Defendants had preserved the issue, Plaintiff's allegations in the Final Pretrial Order effectively superseded the pleadings to cure any factual deficiencies. "It is, of course, established law that a pretrial order when entered limits the issues for trial and in substance takes the place of pleadings covered by the pretrial order." *Basista v. Weir*, 340 F.2d 74, 85 (3d Cir.1965); *see also Rockwell Int'l Corp. v. U.S.*, 549 U.S. 457, 474 (2007); Fed. R. Civ. P. 16(d), (e). Thus, just as "claims, issues, defenses, or theories of damages not included in the pretrial order are waived even if they appeared in the complaint," conversely, "the inclusion of a claim in the pretrial order is deemed to amend any previous pleadings which did not include that claim." *Wilson*, 303 F.3d at 1215. However, courts "do not normally expect to see claims or defenses not contained in the pleadings appearing for the first time in the pretrial order" because "[s]uch a practice deprives one's adversary of fair notice, possibly discovery, and the opportunity for motion practice, and is subject to abuse by those who employ a sporting theory of justice, and

the laudable purpose of the Rule is to avoid surprise, not foment it." *In re AT & T Sec. Litig.*, 2004 WL 6392120, at *5 (quoting *Wilson*, 303 F.3d at 1215–16).

The Fischer Breach of Contract Claim was not an entirely new claim as of the Final Pretrial Order. The crux of this issue is whether Defendants had fair notice and whether Defendants suffered prejudice. (*See id.*) Defendants cannot claim surprise as to the issue of a personal guarantee theory and any prejudice has been minimal. First, Defendants took at least some deposition testimony on the issue of whether Fischer personally guaranteed the FIC notes. (Defs.' SUMF ¶ 107.) Indeed, Defendants referenced the issue in their Summary Judgment Motion, stating that "the undisputed facts establish that Scott did not sign the note in his individual capacity. . . ." (Defs.' Mot. Summ. J. at 52.) Second, Chief Judge Wolfson's opinion—decided two years ago—interpreted the original complaint as stating a claim against Fischer in his personal capacity. (Summ. J. Op. at 56.) Moreover, Chief Judge Wolfson allowed the Fischer Breach of Contract Claim to go forward to resolve disputed questions of fact. (*Id.*)

Therefore, this is not a case where the Plaintiff tried to assert an entirely new claim immediately prior to trial. *See Bornstein v. County of Monmouth,* 2015 WL 2125701, at *8 (D.N.J. May 6, 2015). Rather, nearly two years ago, Plaintiff fleshed out facts in the Final Pretrial Order to support a claim that the summary judgment opinion expressly stated could proceed. Therefore, given the lengthy history of this claim and the claim's thorough inclusion in the Final Pretrial Order, the Final Pretrial Order effectively superseded the pleadings and further explicated the pre-existing Fischer Breach of Contract Claim.[4]

---

[4] Defendants argue that the Court should disallow the Plaintiff from asserting an "entirely new claim" after New Jersey's six-year statute of limitations for breach of contract has elapsed. (Mot. J. Pleadings at 22, ECF 168-1.) First, as discussed above, the claim is not "entirely new." Second, Defendants correctly state that "[a]mendments that go beyond the mere correction or factual modification of the original pleading and significantly alter the claim or defense alleged in that pleading are treated more cautiously by the courts in applying the relation-back doctrine."

In sum, Defendants' reservation does not cover the argument that Plaintiffs never pled the Fischer Breach of Contract Claim and the Final Pretrial Order effectively superseded prior pleadings on this issue.

      B.      Plaintiffs' "Admission"

As noted above, Defendants reserved the legal question of "[w]hether as a matter of law, K. Scott Fischer guaranteed the Fischer Investment Capital, Inc. notes or if the same was solely guaranteed by Funder, LLC with K. Scott Fischer signing as manager of Funder, LLC." (Final Pretrial Order at 21–22.)

Here, Defendants argue Plaintiff conceded this issue as a matter of law and should be "prohibited" from taking a contrary position after summary judgment "by the doctrine of judicial estoppel." (Mot. J. Pleadings. at 21.) Specifically, Defendants point to the statements in the parties' respective SUMF's where Defendants stated, "Neither Scott Fischer nor anyone else ever personally guaranteed the FIC or Byana promissory notes," (Defs.' SUMF ¶ 107) and Plaintiff's SUMF stated, "Undisputed." (Pls.' SUMF ¶ 107.)  Defendants argue the word "ever" in their SUMF covered the FIC Loan Modification Agreements. (Defs.' Reply at 12.)

By contrast, Plaintiff's current position is that the word "[u]ndisputed" referred only to Scott Fischer's relationship with the original FIC promissory note, not the FIC Loan Modification Agreement—which was executed after the original notes. (*See* Pls.' Opp'n at 13.) Thus, Plaintiff's argument is that any estoppel theory is irrelevant because Plaintiff has not taken contradictory positions as to the FIC Loan Modification Agreement. (*Id.*) Moreover, to the extent

---

*T Mobile N.E. LLC v. City of Wilmington, Delaware*, 913 F.3d 311, 329 (3d Cir. 2019). Given that the Summary Judgment Opinion evaluated the personal-guarantee theory based on the original pleadings and the Final Pretrial Order elaborated on that theory, denying relation-back to cure any factual defects in this instance "would not comport with Rule 15's aim to encourage resolution of disputes on the merits wherever possible." *Id*. Therefore, the claim is not time-barred.

any admission existed, Plaintiffs argue that admissions at summary judgment only carry force for the purposes of the summary judgment motion. (*Id.*)

Plaintiffs are correct that "any material fact not disputed shall be deemed undisputed *for the purposes of the summary judgment motion*." L. Civ. R. 56.1(a) (emphasis added). *See also Danish Crown Amba v. Rupari Food Services, Inc.*, 2016 WL 830803 (D.N.J. Mar. 2, 2016) (holding that statements contained in Defendant's response to Plaintiff's Rule 56.1 statement do not constitute binding admissions). However, Defendants may still contend that Plaintiff's earlier statement judicially estops a later change of position. (Defs.' Reply at 13 n.3.)

In principle, the doctrine of judicial estoppel stands for the proposition that "absent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory." *Ryan Operations G.P. v. Santiam-Midwest Lumber Co.*, 81 F.3d 355, 358 (3d Cir. 1996) (emphasis added). The doctrine "is intended to protect the courts rather than the litigants," *id.* at 360, and should be used to "avoid a miscarriage of justice." *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. Gen. Motors Corp.*, 337 F.3d 314, 319 (3d Cir. 2003). In other words, judicial estoppel "is concerned with the relationship between litigants and the legal system, and not with the way that adversaries treat each other." *Montrose Med. Grp. Participating Sav. Plan v. Bulger*, 243 F.3d 773, 781 (3d Cir. 2001). The Court will apply judicial estoppel when (1) the party to be estopped took two positions that are irreconcilably inconsistent, (2) the party changed his position in "bad faith,", and (3) no lesser sanction would adequately remedy the damage done by the party's misconduct. *Id*. at 779-780. *See also Farrington v. Freedom Mortg. Corp.* 2021 WL 753999 (D.N.J. Feb. 26, 2021).

This Court will decline to estop Plaintiff's argument at this late stage of the litigation. It would be unfair for the Court to accuse Plaintiffs of acting in bad faith because Plaintiff elaborated on a claim recognized in Chief Judge Wolfson's summary judgment opinion. (Summ. J. Op. at 56.) In addition, "[t]he Third Circuit has advised that courts should prefer a particular claim be decided on the merits rather than on technicalities." *See Epifan v. Roman*, 2014 WL 12633502, at *3 (D.N.J. Dec. 16, 2014) (citing *Dole v. Arco Chemical Co.*, 921 F.2d 484, 487 (3d Cir. 1990)). Dismissing the claim on estoppel grounds would be a harsh sanction at this stage of the litigation—especially when, at its root, any inconsistency may have been the result of lawyer oversight. *See id.*

In sum, the Court cannot determine "[w]hether as a matter of law, K. Scott Fischer [personally] guaranteed the Fischer Investment Capital, Inc. notes or if the same was solely guaranteed by Funder, LLC with K. Scott Fischer signing as manager of Funder, LLC." (Final Pretrial Order at 21–22.)

## II. Plaintiff's Breach of Contract Claim Against Byana

Each Byana Note states: "This Note is to be governed and construed in accordance with the laws of the State of North Carolina." (Am. Compl. Ex. A, B.) Therefore, Defendants argue that North Carolina law applies to the Byana Notes and their subsequent modifications. North Carolina law provides a three-year statute of limitations for breach of contract claims. N.C. Gen. Stat. Ann. § 1-52. Defendants assert that, under the terms of Plaintiffs' pleadings, any alleged breach of the Byana Notes occurred in 2010 at the latest. Because Plaintiffs filed this action in 2014, Defendants assert that the Byana breach of contract claim is time-barred.

A.     *Choice of Law*[5]

The forum state's choice of law rules govern "which body of substantive law to apply to a contract provision, even where a contract contains a choice of law clause." *Collins v. Mary Kay, Inc.*, 183 F.R.D. 377, 400 (D.N.J. 1998). In New Jersey, "effect [is given] to contracting parties' private choice of law clauses unless they conflict with New Jersey public policy." *General Motors Corp. v. New A.C. Chevrolet, Inc.*, 263 F.3d 296, 331 n.21 (3d Cir. 2001) (citing *Instructional Sys., Inc. v. Computer Curriculum Corp.*, 614 A.2d 124, 133 (N.J. 1992)). Despite the contract's choice of law provision, Plaintiff urges the court to apply New Jersey law—which sets a six-year statute of limitations for breach of contract claims. (Pls. Opp'n at 19–20.) Plaintiff argues that New Jersey's interest in protecting investors conflicts with the application of North Carolina's shorter statute of limitations period. (*Id.*)

The Court is not persuaded. To prevail, Plaintiffs must show that "application of the law of the chosen state would be contrary to a fundamental policy of a state which has a materially greater interest than the chosen state in the determination of the particular issue. . . ." *Instructional Sys., Inc.*, 614 A.2d at 133 (quoting Restatement (Second) of Conflicts of Laws § 187 (1969)). Here, Plaintiff has cited only to state statutes that regulate investments in New Jersey. Plaintiff makes no argument about why New Jersey has a materially greater interest than North Carolina in the Byana Notes. Thus, the Court will not upend the agreed-upon choice of law provision here. North Carolina law governs the Byana Notes.

B.     *The Claim is Time-Barred*

---

[5] At Summary Judgment, the Court did not decide the choice of law issue as to the contractual claims on the Byana Notes. The Court held only that New Jersey law applied to the piercing the corporate veil analysis. (Summ. J. Op. at 51 n.13, ECF 127)

13

In North Carolina, the statute of limitations for a breach of contract action is three years. The claim accrues at the time of notice of the breach. *See* N.C. Gen. Stat. § 1–52(1) (2000); *Abram v. Charter Med. Corp.*, 398 S.E.2d 331, 333 (1990). Once the statute of limitations is properly pled, the burden of proof shifts to the plaintiff to show that the action was filed within the statute of limitations. *Speas v. Ford*, 117 S.E.2d 784, 786 (N.C. 1961)

Plaintiffs initiated the suit on November 11, 2014. (*See* Compl., ECF 1.) In Defendant Byana's Answer to the Second Amended Complaint, Defendant Byana stated, "Certain of Plaintiffs causes of action are barred by the operative statute of limitations." (Answer at 36, ECF 53.) In the Final Pretrial Order, Defendants preserved the question of "Whether Plaintiff's breach of contract claims regarding the promissory notes issued by Byana LLC are subject to the applicable North Carolina statute of limitations and time-barred." (Final Pretrial Order at 22.) Thus, Defendants adequately pled the statute of limitations defense. *See* Fed. R. Civ. P. 8. Plaintiffs must show that the cause of action accrued sometime after November 11, 2011.

Plaintiffs make no such showing. According to the complaint, Plaintiff agreed to a loan modification on the Byana Notes that revised the pay-off date from two dates in 2009 to "sometime in 2010." (Am. Compl. ¶ 82.) The complaint states that the final payments under the Byana Notes occurred in late 2010. (*Id*. ¶ 86.) Plaintiffs argue that the date of breach is unclear because the "Byana Loan Modification Agreements on their face contemplate future modifications." (Pls. Opp'n. at 21.) However, Plaintiffs allege no facts to support that the parties ever contemplated another modification. Thus, the cause of action accrued when Plaintiff obtained notice that Byana would not comply with the terms of the Byana Notes. *See Abram*, 398 S.E.2d at 333. As the latest possible date of notice was in 2010, the breach of contract claim against Byana, filed in 2014, is time-barred under the three-year statute of limitations.

### III. Plaintiff's Fraud Claims Against Brian E. Carroll

Finally, Defendant argues that North Carolina law should also apply to the fraud claims against Defendant Brian E. Carroll. Defendant Carroll moved for summary judgment on this claim and made no argument regarding the applicability of North Carolina law. Chief Judge Wolfson decided that the non-contractual claims in this case fell under New Jersey law. (Summ. J. Op. at 14–17.) The opinion explicitly analyzed the claims against Carroll under New Jersey law. (*Id*. at 33–38.) "Pursuant to the law of the case doctrine, 'once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances.'" *NL Industries, Inc. v. Com. Union Ins. Co.*, 828 F. Supp. 1154, 1157–58 (D.N.J. 1993) (quoting *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3rd Cir.1982)). As such, the Court declines to revisit that decision. The fraud claims against Defendant Carroll are not barred.

### CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings (ECF No. 168-1) is granted as to the breach of contract claim against Byana; denied as to the breach of contract claim against Scott Fischer; and denied as to the fraud claims against Brian E. Carroll. The Parties are further ordered to submit proposed verdict sheets with any interrogatories to the Court within fourteen (14) days. Efforts should be made to make the proposal jointly submitted. An appropriate Order will follow.

Date: <u>November 12, 2021</u>                           */s/ Anne E. Thompson*
                                                           ANNE E. THOMPSON, U.S.D.J.